# UNITED STATES DISTRICT COURT
for the

Northern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>SCHICKELL BEST<br><br>*Defendant(s)* | Case No.<br><br>2:20-mj-80 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 26, 2020 in the county of Lake in the Northern District of Indiana, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | On or about May 26, 2020, Schickell Best, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and the firearm was in and affecting commerce. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

ATF SA Ryan Harden
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P 4.1 by email transmission and telephonic confirmation.

Date: 05/28/2020

/s/Joshua P. Kolar
*Judge's signature*

City and state: Hammond, Indiana

Joshua Kolar, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ryan Harden, being first duly sworn, hereby depose and state as follows:

## BACKGROUND AND PURPOSE

1. I, Ryan Harden, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and have been so been employed since September 2014. I am presently assigned to the Merrillville Field Office. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. My duties include the investigation of violations of State and Federal law. I have participated in the investigation of violent and gang related crimes, to include drug and firearms trafficking.

2. As an ATF Special Agent, I have conducted and participated in both state and federal investigations involving the trafficking of firearms, the illegal possession of firearms, and the distribution and use of controlled substances. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. During these investigations, I have participated in various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects.

I have participated in physical surveillance operations and have participated in the execution of state and federal arrest warrants and search warrants. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, and telephone toll and subscriber records. I have been involved in investigations of Northwest Indiana street gangs, including review of police reports, surveillance, and debriefing of defendants, witnesses and informants. I am familiar with the investigation of violent crime, including firearms offenses.

3. The information contained in this affidavit is based upon my firsthand knowledge and the information provided by other law enforcement officers and witnesses. This affidavit is being submitted for the limited purpose of establishing probable cause to believe that on May 26, 2020, in the Northern District of Indiana, Schickell Best did knowingly and intentionally possess a firearm as a convicted felon, in violation of Title 18, United States Code, Section 922 (g)(1).

## SUMMARY OF PROBABLE CAUSE

4. On May 26, 2020, at approximately 1:51 a.m., Sgt. Zabrecky of the Lake County Police Department conducted a traffic stop on a gray 2002 Buick, bearing Indiana registration L172212 which he observed traveling east on 73rd

Avenue in Merrillville, Indiana at a high rate of speed through the red traffic light at Taft Street. Sgt. Zabrecky activated his red and blue emergency lights immediately east of this intersection, but the vehicle was slow to respond to the indication to stop and did not pull over until 73rd Avenue and Grant Street, approximately a half mile away.

5. Sgt. Zabrecky made contact with the driver, who identified himself as Schickell Best by an Indiana Driver's License.

6. Sgt. Zabrecky observed the odor of marijuana emanating from the vehicle.

7. Sgt. Zabrecky observed that Best's reaction and responses appeared slow and dulled indicating to the officer that he may have been intoxicated.

8. Sgt. Zabrecky returned to his police unit and ran a BMV and warrant check on the driver and the passenger, whom was identified as Shanett Tate. Both subjects came back with no warrants and Sgt. Zabrecky, now accompanied by Officer Hescher and Cpl. Vargas returned to the Buick to further investigate the odor of marijuana and possible intoxication.

9. Sgt. Zabrecky ordered Best out of the vehicle, and Best refused. Sgt. Zabrecky informed him that he in fact did need to exit the car and after a little more hesitation and protest, Best finally exited the vehicle.

10. Sgt. Zabrecky guided Best to the back of the vehicle and checked

him for any potential weapons.

11.  Best remained uncooperative and began to argue with officers again. Sgt. Zabrecky ordered him to place his hands behind his back. Best refused and after a brief protest, attempted to get back to the driver's door of the vehicle.

12.  Officer Hescher blocked him from entering the car and Sgt. Zabrecky again ordered him to turn around. Best turned towards Sgt. Zabrecky and squared up with him. After refusing to comply with further orders and maintaining a confrontational stance, Sgt. Zabrecky deployed his taser and struck Best in the chest with both prongs. Without any hesitation, Best pulled both prongs from his chest and squared up with officers. Cpl. Vargas then deployed his taser which agitated Best but did not incapacitate him. Best turned towards Cpl. Vargas and again took an aggressive stance at which time Officer Hescher deployed his taser. This finally forced Best to the ground but still did not incapacitate him.

13.  After giving him multiple chances to comply voluntarily, Sgt. Zabrecky unsuccessfully attempted multiple times to handcuff Best. Best aggressively turned in the direction of Officer Hescher and the driver's door while pulling away from Sgt. Zabrecky. Officers attempted to take Best the rest of the way to the ground to gain control over him but still struggled considerably with him. Officer Equihua also assisted with the struggle and

4

despite having four officers involved, they struggled to control Best.

14. During the entire duration of the struggle, the passenger, Shanett Tate, kept circling the officers and shouting at them. She was ordered back from the numerous times but refused to comply. Once Best was in custody, Tate was placed in handcuffs to control her and as she was being placed under arrest for disorderly conduct and resisting/interfering with officers.

15. Officers then searched the vehicle pursuant to a tow inventory and the fact that Sgt. Zabrecky had observed an odor he recognized as marijuana emanating from the vehicle.

16. Officers located a Ruger pistol in the center console of the vehicle which had its serial number obliterated. Officers found an additional Glock firearm under the passenger's seat which had an extended magazine with it, and a glass jar which contained 78 grams of suspected marijuana.

17. Best is the registered owner of the gray 2002 Buick, bearing Indiana registration L172212.

18. On May 26, 2020, Lake County Detective Heath read Tate her Miranda rights, and Tate agreed to speak with law enforcement. Tate stated that she first met Best the previous Thursday. She stated that on the evening of May 26, 2020, Best drove to her house. Tate stated that she got into Best's car for Best to drive the two of them to a liquor store. Tate stated that Best drove through a red light before being stopped by police. Tate stated that she

had no idea that there were firearms in the car.  Tate also stated that she knew that she was prohibited from possessing firearms.

19.	Schickell Best has a prior felony conviction in the United States District Court for the Northern District of Indiana under Case No. 2:13-cr-00132-JTM-APR for being a felon in possession of a firearm.  Best was sentenced to 51 months imprisonment.  Best also has a prior felony conviction in Lake County, Indiana Superior Court under cause number 45D12-1003-FD-000105 for battery on law enforcement.

20.	Neither the Ruger nor Glock firearms are manufactured in Indiana, and therefore both must travel in and affect interstate and/or international commerce to arrive in this state.

21.	This complaint is being considered electronically via telephone or other reliable electronic means, in accordance with Federal Rules of Criminal Procedure 41(d)(3) and 4.1.  Furthermore, this affidavit has been electronically transmitted verbatim to the judge.

## CONCLUSION

22. On the basis of the information contained within this affidavit, I submit that the facts contained herein are sufficient to establish probable cause to believe that on May 26, 2020, in the Northern District of Indiana, Schickell Best did knowingly and intentionally possess a firearm, in violation of Title 18, United States Code, Section 922 (g)(1).

FURTHER AFFIANT SAYETH NOT.

_____
Ryan Harden
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives


This affidavit and accompanying complaint have been transmitted to me electronically and the affiant has verbally attested to the truth and accuracy of the contents via telephone this 28th day of May, 2020.

/s/Joshua P. Kolar
_____
HONORABLE JOSHUA KOLAR
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF INDIANA